Pérez, Apelante, v. Sucesión Collado, Apelada.

Apelación procedente de la Corte de Distrito de Mayagüez.

Moción para que se desestime la apelación.

No. 980.—Resuelto en abril 24, 1913.

Apelación—Casos Originados en las Cortes Municipales—Término para Apelar.—El concepto genérico "resolución" comprende el específico de sentencia y el término de quince días señalado por el párrafo 2 del artículo 295 del Código de Enjuiciamiento Civil es aplicable a sentencias dictadas por las cortes de distrito en casos originados en las cortes municipales.

Id.—Casos Originados en las Cortes Municipales.—El párrafo 2 del artículo 295 del Código de Enjuiciamiento Civil no ha sido derogado por la ley de marzo 11, 1908, para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles.

Id.—Jurisdicción—Discreción Judicial.—Los preceptos relativos al término para interponer recurso de apelación, afectan a la jurisdicción de las cortes, son de aplicación estricta y no están sujetos a la discreción judicial.

Los hechos están expresados en la opinión.

Abogado del promovente: Sr. José Ramón Freyre.

Abogado de la parte contraria: Sr. Benito Forés.

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

La representación de la Sucesión de Pedro Collado, demandada y apelada, ha presentado moción a esta Corte Suprema para que se desestime el recurso de apelación interpuesto por Domitila Pérez Vilanova, demandante, contra sentencia de la Corte de Distrito de Mayagüez, en pleito sobre otorgamiento de escritura de venta de finca rústica, alegando haberse interpuesto dicho recurso fuera del término de 15 días que al efecto señala el número 2°. del artículo 295 del Código de Enjuiciamiento Civil.

Dicho pleito se originó en la Corte Municipal de San German, y en grado de apelación, mediante celebración de nuevo juicio, la Corte de Distrito de Mayagüez dictó sentencia a favor de la sucesión demandada, que fué notificada al

abogado de la demandante en 8 de marzo próximo pasado, habiendo interpuesto contra ella recurso de apelación para ante esta Corte Suprema, con fecha 3 de abril corriente.

La parte apelante impugna la moción por entender que el término de quince días señalado por el número 2°. del artículo 295 del Código de Enjuiciamiento Civil se refiere a sentencia de una corte de distrito dictada en apelación interpuesta contra resolución de una corte inferior, y no en apelación contra sentencia de una corte inferior como sucede en el presente caso.

Tal inteligencia es errónea, pues el concepto genérico "resolución" comprende el específico de sentencia y a ese concepto específico se refiere propiamente el precepto indicado, según lo revela el texto inglés, que emplea la palabra *judgment* traducida al español por "resolución."

Alega además la parte opositora que el precepto del número 2°. del artículo 295 del Código de Enjuiciamiento Civil, ha sido derogado por la ley de 11 de marzo de 1908 para reglamentar las apelaciones contra sentencias de las cortes municipales en pleitos civiles. Esa alegación no encuentra fundamento alguno en las disposiciones de dicha ley, la que nada establece sobre el recurso de apelación ante la Corte Suprema, contra las sentencias que en grado de apelación y mediante nuevo juicio dicten las cortes de distrito.

Concluye la representación de la parte apelante por pedir que en todo caso, como ha procedido de buena fe, se interprete liberalmente la ley y se declare sin lugar la moción.

Los preceptos legales atinentes a la jurisdicción de las cortes como son los relativos al término para interponer recurso de apelación, son de aplicación estricta y no están sujetos a la discreción judicial.

Debe declararse con lugar la moción y desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres. Asociados MacLeary, Wolf, del Toro y Aldrey.