PAGÁN ET AL., DEMANDANTES Y APELADOS APELANTES, *v.* SELLÉS ET AL., DEMANDADOS Y APELANTES APELADOS.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre reivindicación.

No. 2119.—Resuelto en marzo 9, 1920.

DESESTIMACIÓN DE APELACIÓN—NOTIFICACIÓN DEL ESCRITO DE APELACIÓN—PARTES CONTRARIAS. — No procede desestimar una apelación porque el escrito interponiéndola no fuera notificado a ciertos demandados que no consta del *record* que fueran emplazados, ni que comparecieran voluntariamente, ni que su rebeldía fuera anotada. Bajo tales circunstancias no puede sostenerse que dichos demandados quedaron sometidos a la jurisdicción de la corte de distrito y que son partes realmente interesadas en la apelación.

ID. — ALEGATO DEL APELANTE RADICADO FUERA DE TÉRMINO — DISCRECIÓN JUDICIAL.—La falta de presentación de alegato por parte del apelante dentro de término, puede servir de base para desestimar el recurso; pero el tribunal en el ejercicio de su discreción puede admitir que el alegato se archive después de vencido el término y negarse entonces a desestimar la apelación, cuando existe una justa causa para ello.

Los hechos están expresados en la opinión.

Abogados de los demandantes: *Sres. M.* y *J. Tous Soto.*

Abogados de los demandados Sellés y Sobrino: *Sres. M. Guerra* e *I. Soldevila.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

Los demandantes solicitaron la desestimación del recurso interpuesto por los demandados Hermanos Sellés y Sobrino, por tres motivos: *Primero*, porque el escrito de apelación no

se notificó a los demandados Mercedes y José Pagán; *segundo*, porque el alegato de los apelantes no se archivó dentro del término concedido por la corte, y, *tercero*, porque la apelación carece de finalidad práctica.

Es cierto que el alegato de los apelantes se presentó después de vencido el término que para ello les concedió esta corte, pero es lo cierto también que se archivó un día después de radicada la moción de desestimación y muchos antes de que se celebrara la vista de la misma. Esta no es una cuestión jurisdiccional y en el ejercicio de su discreción la corte cree que no debe desestimar por tal motivo el recurso. Véanse *González v. Acha et al.* 19 D. P. R. 1209, y *Laborde v. Ríos, Vda. de Toro,* 22 D. P. R. 337.

Tampoco procede la desestimación de la apelación por frívola. Hemos leído el alegato de la parte apelante y a nuestro juicio las cuestiones que levanta son dignas de estudio.

El motivo que en verdad ha sido objeto de controversia entre las partes, es el primero de los alegados, o sea la falta de notificación del escrito de apelación a los demandados Mercedes y José Pagán.

Aparece de los autos que el pleito versa sobre reivindicación de una finca urbana actualmente poseída por Hermanos Sellés y Sobrino y que los demandantes reclaman como herederos de Francisco José Santana. Los demandados Mercedes y José Pagán son también herederos pero no quisieron asociarse a los demandantes y fueron entonces incluídos en la demanda como demandados. La corte de distrito resolvió el pleito por sentencia de 30 de junio de 1919 "a favor de los demandantes y en beneficio de la Sucesión de don Francisco José Santana; condenándose a Hermanos Sellés y Sobrino a reivindicar a dicha Sucesión en la posesión y disfrute del inmueble que se reclama, * * * ." Hermanos Sellés y Sobrino apelaron de dicha sentencia y notificaron su escrito a los demandantes, pero omitieron hacerlo a los demandados Mercedes y José Pagán. Los demandantes sostienen que los dichos demandados Mercedes y José Pagán

son partes contrarias y que no habiendo sido notificados de la apelación, esta Corte Suprema no ha adquirido jurisdicción para conocer del recurso en su fondo y debe, en tal virtud, desestimarlo.

Hemos examinado cuidadosamente los autos y si bien como hemos dicho aparece de ellos que Mercedes y José Pagán fueron incluídos como demandados en la demanda, no resulta ni que. fueran emplazados, ni que comparecieran voluntariamente, ni que su rebeldía fuera debidamente anotada.

Después de la demanda se copian en la transcripción los siguientes documentos, únicos que guardan relación con la cuestión debatida. Helos aquí:

"*Moción de rebeldía.*—Señor Secretario:—Del emplazamiento debidamente diligenciado que se acompaña, aparece que los demandados en el presente caso fueron emplazados en sus domicilios en San Lorenzo en fecha 23 de febrero de 1917, sin que hasta la fecha hayan comparecido a contestar o excepcionar la demanda dentro del término legal. Por tanto, procede, y así lo solicito de Ud. se anote la rebeldía de dichos demandados.—Ponce, P. R., marzo 12, 1917.—(Firmado) José Tous Soto, Abogado del demandante."

"*Estipulación.*—Comparecen las partes, por medio de sus abogados y estipulan que la rebeldía anotada en este pleito sea abierta y cancelada, teniendo la demandada Hermanos Sellés y Sobrino diez días para contestar.—(Firmado) José .Tous Soto, Abogado de los demandantes.—Guerra y Guerra, Abogados de la demandada Hermanos Sellés y Sobrino, Registrado este pliego hoy 4 de abril de 1917.—(Firmado) A. Ramírez Jr., Subsecretary District Court."

"*Moción de rebeldía.*—Habiendo transcurrido el término de los diez días convenido entre las partes para que la demandada contestara la demanda, sin haberlo verificado, solicito de Ud. se sirva anotar la rebeldía de dicha demandada.—Ponce, P. R., abril 24 de 1917.—(Firmado) José Tous Soto, Abogado del demandente."

"*Contestación.*—Comparece la demandada Hermanos Sellés y Sobrino por medio de sus abogados Guerra y Guerra y en contestación a la demanda interpuesta en el pleito arriba indicado expone: Que niega general y específicamente todas y cado una de las alegaciones esenciales de la demanda.—(Firmado) Guerra y Guerra.—Abogados

de la demandada Hermanos Sellés y Sobrino. Registrado este pliego hoy 5 de abril de 1917.—(Firmado) A. Ramírez Jr., Subsecretary District Court.''

La vaguedad de la primera ''moción de rebeldía'', al referirse a los demandados sin nombrarlos, desaparece al examinar la ''estipulación'' que sigue y la segunda ''moción de rebeldía''. No hubo necesidad de resolver sobre la segunda moción, porque dentro del término estipulado archivaron su contestación Hermanos de Sellés y Sobrino. Fueron éstos en realidad de verdad los únicos demandados en el pleito. Los otros simplemente se nombraron en la demanda. Por lo menos los autos no revelan otra cosa.

Y siendo eso así, la contención de los demandantes está claramente resuelta en contra suya, por la jurisprudencia establecida por la Corte Suprema de California en el caso de *Clarke* v. *Mork*, 125 Cal. 540–543, que dice así:

''Una moción fué también presentada a nombre del apelado Hinkley para que se desestimara la apelación por el motivo de que el recurso no se notificó a ciertos otros demandados. La transcripción no demuestra, sin embargo, que cualquiera de esos otros demandados fuera emplazado en el pleito, o compareciera en el mismo, y en tal virtud no se requería que se les notificara la interposición del recurso. (Código de Enjuiciamiento Civil, sección 1014). A menos que hubieran sido sometidos a la jurisdicción de la corte superior, ellos no podían ser afectados por su sentencia, o por una revocación de la misma por parte de esta Corte.''

Véase también el caso de *Sucesión Igaravídez et al.* v. *Rubert Hermanos et al.*, 23 D. P. R. 293, 314.

Habiendo en consideración todo lo expuesto, debe resolverse no haber lugar a desestimar la apelación interpuesta por Hermanos Sellés y Sobrino en este pleito.

*Sin lugar la desestimación del recurso.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.