THE INTERNATIONAL EXPRESS AND FOUNDRY CO., INC., DEMAN-DANTE Y APELADA, *v.* ALLEN ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre tercería de bienes muebles. Moción para que se desestime la apelación.

No. 3178.—Resuelto en febrero 29, 1924.

APELACIÓN—TÉRMINO PARA APELAR—TERCERÍA—DESESTIMACIÓN DE APELACIÓN.— Alegando que la sentencia fué apelada después de los diez días que señala la ley sobre tercería de 1907, se pidió la desestimación del recurso. *Se resolvió:* negarla, porque el presente caso, en el cual se reclaman bienes embargados o recobrados por la demandada en otro pleito, debe reputarse como un pleito independiente y no como uno de tercería y la sentencia fué apelada dentro de treinta días después de dictada.

Resuelto en reconsideración en noviembre 25, 1924.

TERCERÍA DE BIENES MUEBLES — DESESTIMACIÓN DE APELACIÓN — TÉRMINO PARA APELAR SENTENCIA DE TERCERÍA.—El hecho de que la demandante en el pleito principal formulara contestación y contrademanda a la demanda del tercerista, no pone la acción fuera del alcance de la ley de 1907 sobre tercería de bienes inmuebles; y toda vez que la sentencia a favor del tercerista fué apelada después de transcurrir diez días contados a partir de la notificación, la desestimación es procedente. Reconsiderada y revocada la resolución anterior de febrero 29, 1924.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. Brunet.*

Abogado de la apelada: *Sr. D. Sepúlveda.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Esta es una moción de desestimación de apelación. La apelada, quien solicita la desestimación, sostiene que este es

un procedimiento de tercería de bienes muebles y que por tanto la apelación debió haberse interpuesto de acuerdo con la Ley de 1907 relativa a la materia, tal como fué enmendada en 1908, y que dispone que la apelación debe interponerse dentro de diez días. La apelación en este caso se interpuso como unos veinte días después de la sentencia. La apelada cita el caso de *Shroeder* v. *Sucesión de Collazo Muñiz,* 26 D. P. R. 730.

El apelante, por el contrario, sostiene que esta es una acción independiente y que no fué establecida al amparo de dicha Ley de 1907. Examinando los autos encontramos que esta fué una acción independiente entablada por la apelada reclamando bienes embargados o recobrados por la demandada en otro pleito y no una tercería por intervención como autoriza la dicha Ley de 1907. En estas circunstancias el término que tenían los apelantes para establecer el recurso era el usual de treinta días según se determina por el artículo 295 del Código de Enjuiciamiento Civil, y la ley especial no tiene aplicación alguna. El caso de Schroeder, *supra,* por consiguiente, no es aplicable.

La moción de desestimación debe ser declarada sin lugar.

*Sin lugar la desestimación.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

RESOLUCIÓN SOBRE RECONSIDERACIÓN DE NOVIEMBRE 25, 1924.

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Este fue un caso en el cual en 29 de febrero, 1924, declaramos sin lugar una moción para desestimar la apelación. Posteriormente la apelada presentó una moción de reconsideración que señalamos para ser oída junto con la vista del caso sobre sus méritos. La apelada no argumentó

su caso sino que lo sometió por el alegato. Por algún tiempo creímos que habíamos adquirido jurisdicción del caso de conformidad con nuestra decisión de febrero 29, *supra.* Un examen cuidadoso nos convence de que nuestra decisión anterior fue errónea y que la apelación debe ser desestimada.

La apelada en su moción original de desestimación sostuvo que todo el procedimiento fue uno iniciado y seguido por virtud de la ley de 1907 como fue enmendada en el año 1908 para "Proveer el procedimiento en los casos de tercería sobre bienes muebles." Leyes de 1907, pág. 308. La sección 19 de dicha ley prescribe lo siguiente:

"Sección 19.—Contra las sentencias dictadas en los juicios de tercería, podrá apelarse en el término de diez días, y en la forma dispuesta por el Código de Enjuiciamiento Civil, para las apelaciones en general."

La apelante sostuvo y nosotros estuvimos de acuerdo con ella en que el procedimiento aquí establecido era uno independiente y que no fue seguido de acuerdo con las disposiciones de la ley de 1907. La forma de la demanda de tercería nos llevó a esa conclusión pues dicha demanda tiene un título y número como si fuera una acción independiente, y los documentos copiados en la exposición del caso demostrativos del embargo original no tienen ningún título y número sino que simplemente dicen "Título." En otras palabras, no tuvimos oportunidad de comparar el título en el asunto de tercería con el título en la primitiva acción para ver que el número y el título era el mismo. Un examen más cuidadoso de todos los documentos y datos suministrados por la apelada revela sin embargo el hecho de que si bien la demanda lleva el número 7001, que éste era también el número de la primitiva demanda, establecida por el demandante y apelante en el pleito original, y que todos los procedimientos fueron seguidos de conformidad con la

ley de 1907. Ella embargó o ejecutó después de obtener una sentencia. La apelada interpuso demanda de tercería y obtuvo sentencia a su favor. La apelación es contra esa sentencia, dictada en un procedimiento autorizado por dicha ley de 1907 la cual en su sección 19 limita el término para apelar a diez días.

La apelante sostuvo que toda vez que ella formuló una contestación y contrademanda a la demanda del tercerista levantando diferentes cuestiones litigiosas, la acción quedó fuera del alcance de la ley de 1907. La contestación y supuesta contrademanda, sin embargo, era en réplica a la demanda de intervención presentada en el procedimiento de tercería. La sentencia fue claramente a favor del tercerista cuyos derechos están determinados por la referida ley. Estamos ahora, por tanto, convencidos de que la sentencia estaba comprendida en los términos de esa ley.

En estas circunstancias la apelación debió haber sido interpuesta dentro de diez días a partir de la notificación de la sentencia, y como la apelación no fue de tal modo interpuesta debe ser desestimada. Así se resuelve.

*Desestimada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.