BANUCHI, DEMANDANTE Y APELADO, *v.* CABÁN ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Aguadilla en pleito sobre tercería de bienes muebles. Moción para que se desestime la apelación.

No. 3185.—Resuelto en marzo 28, 1924.

DESESTIMACIÓN DE APELACIÓN—TERCERÍA—PARTE NECESARIA—NOTIFICACIÓN DE APELACIÓN.—No procede la desestimación de una apelación por el hecho de que no se notificara el escrito interponiéndola a una parte declarada en rebeldía que al tiempo de verificarse el embargo de los bienes que son objeto de la tercería los había vendido por escritura pública. Tal parte no tiene el carácter de agraviada en el litigio.

ID.—TÉRMINO PARA RADICAR LA TRANSCRIPCIÓN—NOTIFICACIONES—ABOGADOS.—No puede resistirse una moción para que se desestime una apelación radicada fuera de tiempo y después de archivada la moción, bajo el fundamento

de que no había transcurrido el término de treinta días contados a partir
de la fecha en que el abogado del apelante, residente en San Juan, tuvo
conocimiento de la aprobación de la transcripción por la Corte de Distrito
de Aguadilla. La ley no exige que se notifique la aprobación de la trans-
cripción y los abogados que residiendo en un distrito dirigen asuntos en otro,
no tienen privilegio alguno.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. C. J. Torres.*

Abogados del apelado: *Sres. García Méndez & García Méndez.*

EL JUEZ PRESIDENTE SR. DEL TORO, emitió la opinión del tribunal.

Se trata de un caso de tercería. La parte apelante es la que obtuvo un embargo a su favor sobre bienes que el ter-cerista reclamó como suyos. El tercerista es la parte ape-lada y solicita la desestimación del recurso por dos razones: 1ª., porque no se notificó el escrito de apelación a una de las partes interesadas, y 2ª., porque no se archivó en tiempo la transcripción.

El primer motivo de desestimación no existe. Exami-nados los hechos, estamos convencidos de que la parte que dejó de notificarse no tiene el carácter de *interesada* en el litigio. Ella fue declarada en rebeldía y, según escritura pública, se había desprendido enteramente de la propiedad de los bienes embargados al tiempo de verificarse el em-bargo.

El segundo motivo está bien fundado. La sentencia ape-lada se dictó el 23 de junio de 1923. La apelación se in-terpuso el 28 del propio junio. El mismo día el apelante so-licitó de la corte que ordenara al taquígrafo que preparara la transcripción. La orden fué dictada y la transcripción preparada. El 20 de septiembre de 1923 se señaló el 3 de octubre de 1923 para la vista y discusión de la transcripción y el propio día fue aprobada por la corte, y no fue hasta el 21 de noviembre de 1923 que el apelante archivó la trans-

cripción en la Secretaría de esta Corte Suprema, después de haberse presentado la moción del apelado solicitando la desestimación del recurso archivada desde noviembre 12 de 1923.

Sostiene la parte apelante que la transcripción fue archivada en tiempo, o sea dentro de los treinta días que fija la ley, porque su abogado no se enteró hasta el 17 de octubre de 1923, por una carta que recibió del taquígrafo, de la aprobación de la transcripción en 3 de octubre.

El abogado de los apelantes reside en San Juan. La corte que dictó la sentencia lo fue la de Aguadilla. Se invoca esta circunstancia. Ya hemos dicho en otra ocasión que los abogados que residiendo en un distrito asumen la responsabilidad de dirigir asuntos en otro, no tienen privilegio alguno. Deben adoptar las medidas necesarias a fin de conocer al día el estado de sus pleitos. La ley no exige que la aprobación se notifique. Además, figura en los autos un escrito firmado por el propio abogado de los apelantes el 1 de octubre de 1923 en el cual manifiesta que no teniendo objeción que hacer a la transcripción de la evidencia solicita que se le imparta la aprobación. La audiencia estaba señalada para el 3 de octubre. Lógicamente debió concluir que una transcripción que a su juicio lo contenía todo, sería aprobada el día tres sin dificultad alguna.

La parte apelada ejercitó en tiempo su derecho y debe serle reconocido.

Debe desestimarse el recurso.

*Desestimada la apelación.*

Jueces concurrentes: Sres Asociados Wolf, Aldrey, Hutchison y Franco Soto.