MELCHIOR, ARMSTRONG, DESSAU COMPANY of DELAWARE, INC., demandante y apelante, *v.* BANCO COMERCIAL de PUERTO RICO, EDUARDO GIORGETTI y FERNÁNDEZ VANGAS y CENTRAL BAYANEY, FRANCISCO GARCÍA GARCÍA, TRUSTEE, demandados y apelados.

No. 3652.—*Visto:* Febrero 14, 1928. *Resuelto:* Febrero 24, 1928.

APELACIÓN Y ERROR—REQUISITOS Y PROCEDIMIENTOS PARA ELEVAR LA CAUSA— CAUSA DE ERROR, CITACIÓN O NOTIFICACIÓN—ESCRITO DE APELACIÓN—FALTA DE NOTIFICACIÓN Y EFECTO.—Cuando en acción en cobro de una segunda hipoteca contra los adjudicatarios de una finca hipotecada se ha hecho parte al primitivo deudor hipotecario y al apelar el demandante la sentencia dictada en su contra deja de notificar el escrito de apelación a dicho primitivo deudor, teniendo éste interés en la resolución del caso en apelación es parte adversa en la misma, tal omisión da lugar a la desestimación del recurso y acordada ya ésta no ha lugar a reconsiderar y dejar sin efecto la resolución que desestimó aquél.

MOCIÓN sobre reconsideración de sentencia presentada por el apelante. *Sin lugar.*

*Henry G. Molina* y *Leopoldo Feliú,* abogados del apelante; *Jaime Sifre, Jr.,* y *Horacio Franceschi,* abogados del apelado Señor Giorgetti; *Gabriel de la Haba,* abogado del Banco Comercial, apelado.

EL JUEZ ASOCIADO SEÑOR TEXIDOR, emitió la opinión del tribunal.

Se nos pide que reconsideremos nuestra resolución en este caso por la que desestimamos la apelación interpuesta por la demandante (36 D.P.R. 91), y aunque esa solicitud ha sido presentada muchos meses después de su fecha le prestaremos atención en vista de las circunstancias concurrentes, ya que el apelante la ha presentado en seguida que la Corte de Circuito de Boston declaró que no procedía la apelación que interpuso contra ella.

Según resulta de estos autos la Central Bayaney de Arecibo constituyó primera hipoteca sobre determinadas fincas suyas a favor del Banco Comercial de Puerto Rico para garantizarle el pago de $200,000, y posteriormente constituyó segunda hipoteca sobre las mismas fincas para garantizar a Melchior, Armstrong & Dessau el pago de ciertos pagarés librados a su orden por una suma de $42,514.40.

El Banco Comercial de Puerto Rico demandó en juicio ordinario en la Corte de Distrito de Arecibo el pago de su crédito y dictada sentencia a su favor fué ejecutada mediante venta judicial de las fincas hipotecadas, que fueron adjudicadas a dicho banco como único licitador en la subasta, por cantidad de $125,000 más las contribuciones adeudadas por la central demandada, precio que no cubrió su acreencia. El banco vendió más tarde las fincas a don Eduardo Giorgetti quien constituyó hipoteca sobre ellas para responder de parte del precio de su compra.

En esa situación las cosas, Melchior, Armstrong Dessau Co. of Delaware, Inc., demandó al Banco Comercial de Puerto Rico y a don Eduardo Giorgetti alegando haberle sido endosados los pagarés hipotecarios librados por la Central Bayaney a favor de Melchior, Armstrong & Dessau, Inc.,

que no han sido pagados, y solicitando que para satisfacerlos sean vendidas las fincas hipotecadas.

A virtud de excepción de los demandados de existir defecto de partes demandadas la corte de distrito ordenó que el demandante hiciera parte demandada a la Central Bayaney y la demanda fué enmendada a ese solo efecto insertándole una alegación en la que se dijo que la Central Bayaney estaba declarada en quiebra, siendo su síndico don Francisco García, y solicitando que la Central Bayaney, el Banco Comercial de Puerto Rico y don Eduardo Giorgetti fueran condenados a pagar la cantidad reclamada por el demandante.   No compareció en el pleito la Central Bayaney ni su síndico y anotada su rebeldía se celebró el juicio, en el que el demandante enmendó la súplica de su demanda para solicitar sentencia contra el banco y contra Giorgetti. Esta enmienda se hizo sin alterar en nada el título del pleito, ni las alegaciones como aparecían después de resuelta la excepción previa por la que se ordenó incluir como parte demandada a la Central Bayaney; es decir, que substancialmente la súplica de la demanda era la misma que la de la demanda original.

La situación legal creada en el procedimiento por la resolución de la excepción previa era la de que la Central Bayaney quedaba en tal procedimiento como una parte demandada con todos los derechos y los deberes que cualquiera otra parte.   En estas condiciones, entendemos que no podía la parte demandante dejar de notificar a la Central Bayaney al establecer su apelación, ya que dicha central era legalmente una parte directamente interesada en el procedimiento.

Alega el apelante que ejercitando en su demanda la acción de cobro de una deuda garantizada con hipoteca puede establecer su acción contra los poseedores actuales de las fincas hipotecadas sin tener que hacer parte en ella a la Central Bayaney que originalmente constituyó la hipoteca cuyo pago se reclama, porque la hipoteca es un derecho

real que grava las fincas hipotecadas y que sigue con ellas cualquiera que sea su poseedor; pero como de los autos aparece que las fincas fueron vendidas judicialmente para el pago de una hipoteca anterior a la del demandante y que el precio obtenido en la subasta no cubrió el importe de la primera hipoteca, entendemos que bajo tales circunstancias la Central Bayaney o su síndico tiene interés en este asunto y es una parte contraria en esta apelación, porque tratando el demandante de cobrar su hipoteca del Banco y del Sr. Giorgetti por el hecho de que en el pleito del Banco para cobrar su primera hipoteca no fué notificado de la subasta el segundo acreedor, demandante ahora, si por este motivo o por haber estado presente en la subasta, según se alega, el representante del segundo acreedor hipotecario no han contraído el banco y Giorgetti la obligación de pagar la segunda hipoteca después de vendidas las fincas por un primer acreedor hipotecario sin cubrir su crédito, entonces esa obligación de la Central Bayaney sólo puede ser reclamada a ella, por lo que está interesada en la resolución de esas cuestiones por este tribunal, siendo así una parte adversa en esta apelación por lo que debió ser notificada de ella.

Por lo expresado *no ha lugar a reconsiderar y dejar sin efecto* nuestra resolución desestimando esta apelación.