FRANCISCO SÁNCHEZ MARINA, demandante y apelante, *v.* CONSUELO DE JESÚS y MARCOS A. SACARELLO, demandados y apelados.

No. 4641.—*Sometido:* Feb. 26, 1929.—*Resuelto:* Julio 9, 1929.

*E. Campos del Toro* y *A. Barceló Jr.,* abogados del apelante; *C. del Toro Fernández,* abogado de los apelados.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

Francisco Sánchez, cónyuge divorciado, instituyó esta acción contra su anterior esposa, Consuelo de Jesús, y contra Marcos A. Sacarello, para anular el matrimonio contraído por los demandados dentro de los 301 días siguientes a la fecha del divorcio. Como segunda causa de acción el demandante alegó, entre otras cosas, que nunca había recibido notificación alguna del decreto de divorcio enviádole por correo y que dicha notificación había sido devuelta al Secretario de la corte de distrito por la oficina de correos.

La corte inferior declaró con lugar una excepción previa de falta de hechos suficientes para determinar una causa de acción, y, al rehusar el demandante enmendar su demanda, declaró la misma sin lugar.

■■ La sección 2 de la ley para enmendar los artículos 92, 123, 227 y 299 del Código de Enjuiciamiento Civil, Leyes de 1911, pág. 238, lee como sigue:

"En todos los casos en que se pueda establecer el recurso de apelación, según lo provisto en la Sección 295 del Código de Enjuiciamiento Civil, según fué enmendada en marzo 11 de 1908, será deber del secretario de la corte, enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia, de la cual pueda establecerse

el recurso de apelación, una notificación escrita informándole que la sentencia ha sido dictada, ó de la resolución de la corte, y una copia de esa notificación será archivada con los autos, y el término para establecer el recurso de apelación empezará a correr desde la fecha del archivo de dicha notificación con los autos.''

La parte que pierde el litigio, o su abogado, no está obligada a descansar en un cumplimiento perfunctorio de los deberes así impuestos al secretario. Si elige depender del secretario y de la oficina de correos y no trata de cerciorarse del resultado de un pleito, no puede quejarse si la notificación estatutoria no es recibida por el curso ordinario. Todo lo que la ley exige del secretario es que envíe la notificación por correo y archive copia de la misma. El término para interponer una apelación empieza a correr desde la fecha en que se archiva esa notificación, y no desde la fecha en que la parte perdidosa la recibe.

El juez de distrito también resolvió que la demanda no aduce hechos suficientes para determinar una causa de acción, toda vez que no contiene la alegación de que la esposa se hallaba en estado grávido. No encontramos base satisfactoria alguna para llegar a esta conclusión, ni en la ley ni en el caso de *Cintrón* v. *Román,* 36 D.P.R. 484, citado en apoyo de tal resolución. El fundamento de la prohibición estatutoria ha de hallarse en la posibilidad de que una viuda o divorciada pueda estar en cinta, y no en el hecho a ser alegado y establecido por medio de evidencia durante el juicio. Dentro de determinado período la posibilidad siempre existe. Resolver que un demandante debe alegar y probar ese hecho, tendería a destruir el espíritu de la ley. La eliminación de tal posibilidad debe dejarse al transcurso del tiempo, que es a quien el estatuto la deja, a menos que sea negada por la contestación y disipada por la prueba que tan sólo la parte demandada puede presentar.

Los apelados han solicitado la desestimación del recurso fundándose en que la cuestión envuelta es académica. La moción pasa por alto el hecho de que para convalidar un

matrimonio es necesario que medien ciertas circunstancias, además del transcurso del tiempo. No habiéndose demostrado satisfactoriamente que la mujer divorciada no dió a luz dentro de los 301 días posteriores a la fecha del divorcio, el matrimonio contraído antes de haber expirado ese período continúa siendo potencialmente nulo o anulable.

Una certificación de matrimonio que demuestra que se celebraron segundas nupcias después de transcurrir el período estatutorio, no altera la situación. Lo que el demandante en el presente caso trata de anular es el matrimonio contraído dentro de los diez meses siguientes al divorcio, y no la ceremonia posterior. La cuestión envuelta tal vez sea académica, según sugieren los apelados, pero en ausencia de una demostración satisfactoria o de admisión alguna por parte del apelante, no podemos asumir que tal es la realidad.

*Debe declararse sin lugar la moción de desestimación, la sentencia apelada debe ser revocada y devolverse el caso para* ulteriores procedimientos no incompatibles con esta opinión.