JOSÉ LUGO LUGO, peticionario, *v.* LA CORTE DE DISTRITO DE PONCE, HON. ROBERTO H. TODD, JR., JUEZ, demandada.

No. 774.—*Sometido:* Junio 8, 1931. *Resuelto:* Julio 8, 1931.

*R. Hernández Matos,* abogado del peticionario; *C. del Toro Fernández,* abogado de los interventores—el demandante en el pleito principal y el comprador de la finca en subasta.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La sección 5 de la "Ley estableciendo juicios especiales

en las Cortes Municipales de Puerto Rico, y para otros fines,'' Leyes de 1921, páginas 113, 115, dispone que:

"Contra la sentencia que se dicte por la corte municipal podrá apelarse para ante la corte de distrito correspondiente, dentro del décimo día de notificado el perjudicado.''

En un procedimiento sumario de la índole autorizada por esa Ley, Alejandro Alfonso obtuvo sentencia contra José Lugo Lugo. Un sobre dirigido a Lugo conteniendo una notificación de esa sentencia fué depositado en el correo por el secretario de la corte municipal y posteriormente devuelto por las autoridades postales por no haber sido procurado. Más tarde Lugo recibió una carta de un tal José Miguel Gómez, Jr., informándole que éste había comprado la finca de Lugo en una venta judicial, y exigiéndole la posesión. Catorce días después de recibida esta carta Lugo apeló a la corte de distrito, y su recurso fué desestimado por falta de jurisdicción. El juez de distrito resolvió que la notificación por correo intentada era insuficiente, pero sostuvo un criterio distinto respecto a la información contenida en la carta de Gómez.

■ Estamos muy contestes con el juez de distrito en que la notificación por correo intentada era inefectiva. No se pretende alegar que la residencia de Lugo fuera desconocida. Por el contrario, aparece afirmativamente que era muy conocida. Nada había para justificar el que se acudiera a la notificación substituta, bien bajo el artículo 321 del Código de Enjuiciamiento Civil. Véase, además, *Gascón* v. *Alvarez,* 28 D.P.R. 362.

■ La carta de Gómez era igualmente inefectiva como una notificación "al perjudicado,'' dentro del significado de la sección 5 de la ley de 1921. Lo que la ley prevé y exige es una notificación formal en la forma prescrita por el artículo 320 del Código de Enjuiciamiento Civil. El caso de *Sánchez Marina* v. *De Jesús,* 39 D.P.R. 844, no es aplicable.

*Debe revocarse la orden de la corte de distrito desestimando la apelación de la corte municipal.*