ERASMO VANDO DE LEÓN, peticionario y apelante, *v.* CORTE MUNICIPAL DE SAN JUAN, SECCIÓN TERCERA, HON. VICTORIANO M. FERNÁNDEZ, JUEZ, demandada y apelada.

Núm. 9125.—*Sometido:* Mayo 7, 1945. *Resuelto:* Mayo 21, 1945.

*Eduardo Ortiz Reyes,* abogado del apelante; *Damián Monserrat, Jr., Gabriel de la Haba y Rafael Baragaño, Jr.,* abogados del interventor, demandante en el pleito principal.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En octubre 13 de 1944, la Corte Municipal de San Juan dictó sentencia declarando con lugar la demanda de desahucio interpuesta por Néstor Obie Rivera contra el peticiona-

rio apelante, Erasmo Vando de León. En la misma fecha, el Secretario de la Corte Municipal, después de registrar dicha sentencia, la notificó al demandado Vando, enviándole la notificación por correo, dirigida a su residencia, según consta de los autos.

En noviembre 21 de 1944, compareció el demandado Vando ante la corte municipal y solicitó que se decretase la nulidad de la notificación que se le hiciera por correo, alegando que la misma es contraria a derecho por no haber sido hecha personalmente a él o a su abogado, de acuerdo con lo dispuesto por el artículo 320 del Código de Enjuiciamiento Civil. Declarada sin lugar dicha moción, acudió el demandado ante la corte de distrito mediante solicitud de *certiorari* para revisar la resolución de la corte municipal. La corte de distrito, después de oír a las partes, anuló el auto expedido. El demandado apeló.

El demandante, aquí interventor apelado, solicita la desestimación del recurso, alegando que el mismo es frívolo y ha sido interpuesto con el único propósito de dilatar la ejecución de la sentencia.

El artículo 630 del Código de Enjuiciamiento Civil de 1933 (Ley de Desahucio, sección 11, según fué enmendada por la Ley núm. 11 de 1929, pág. 139) dispone que las apelaciones en casos de desahucio "deberán interponerse en el término de cinco (5) días, contados desde la fecha en que fueren notificadas de la sentencia por el Secretario de la corte correspondiente, las partes perjudicadas por la misma o sus abogados."

Como se ve por la simple lectura del mismo, el estatuto no requiere que la notificación de la sentencia sea hecha a la parte perjudicada o a su abogado personalmente. Tampoco autoriza expresamente el envío de la notificación por correo.

Sostiene el interventor apelado, que no habiendo dispuesto el legislador la forma en que deberá hacerse la no-

tificación, ésta debe hacerse de conformidad con lo dispuesto por la sección 2 de la ley de 9 de marzo de 1911 (nota al artículo 295, Código de Enjuiciamiento Civil de 1933) al efecto de que "será deber del Secretario de la Corte, *enviar a la parte perjudicada* o a su abogado, al dictarse la sentencia, de la cual puede establecerse el recurso de apelación, *una notificación escrita* informándole que la sentencia ha sido dictada, etc."

A nuestro juicio, el estatuto aplicable es la Ley de 11 de marzo de 1908, pág. 124, para Reglamentar las Apelaciones contra Sentencias de las Cortes Municipales en Pleitos Civiles. El artículo 1 de dicha ley, según fué enmendado por la Ley núm. 2 de 1929, Comp. 1941, pág. 1349, dispone:

"Sección 1.—Cuando una corte municipal hubiere dictado sentencia en un asunto civil, resolviéndolo definitivamente, cualquiera de las partes que se creyere perjudicada, podrá interponer recurso de apelación para ante la corte de distrito del distrito judicial en que radicare la corte municipal. Se formalizará la apelación notificándola por escrito al secretario de la corte municipal, dentro de los diez días siguientes al en que se hubiere notificado la sentencia a la parte contra la cual se hubiere dictado, o a su abogado, y entregando igual notificación dentro del mismo término a la parte contraria, o a su abogado; Disponiéndose, que en todos los casos en que se pueda establecer el recurso de apelación según lo previsto en esta sección, será deber del secretario de la corte enviar a la parte perjudicada, o a su abogado, al dictarse sentencia o resolución apelable, una notificación escrita informándole a dicha parte perjudicada que tal sentencia o resolución ha sido dictada; y una copia de la dicha notificación será archivada con los autos, debiendo empezar a contarse el término para establecer el recurso de apelación, desde la fecha del archivo de dicha notificación."

Las disposiciones del artículo que acabamos de transcribir, son substancialmente idénticas a las de la sección 2 de la ley de 9 de marzo de 1911, *supra*, aplicables a las apelaciones de sentencias dictadas por las cortes de distrito, para ante la Corte Suprema. Ambas leyes autorizan al secretario de la corte sentenciadora para *enviar* a la parte perju-

dicada o a su abogado *una notificación escrita* de la sentencia dictada en su contra.

Interpretando la sección 2 de la ley de 9 de marzo de 1911, aplicable a las apelaciones de las cortes de distrito al Supremo, hemos resuelto en varias ocasiones que la práctica corriente de enviar la notificación por mensajero es una práctica legal y que también lo es la de enviarla por correo, porque el cartero tiene que hacer lo mismo que haría el mensajero de la corte; y que "todo lo que la ley exige del Secretario es que envíe la notificación por correo y archive copia de la misma." *Martorell* v. *Andino. & Febres,* 38 D.P.R. 166, 171; *Sánchez* v. *De Jesús,* 39 D.P.R. 844, 846; *La Capital* v. *Tugwell,* 61 D.P.R. 865, 866. La notificación de una sentencia no necesita hacerse con las formalidades de un emplazamiento.

La jurisprudencia que hemos citado es aplicable al caso de autos. *El recurso interpuesto es claramente frívolo y debe ser desestimado.*