Esteban Asencio, Etc., demandantes, contrademandados y apelados, *v.* G. Llinás & Compañía, S. en C., demandada, contrademandante y apelante.

Núm. 9123.—*Sometido:* Diciembre 7, 1945. *Resuelto:* Marzo 21, 1946.

*Luis López de Victoria y Leopoldo Tormes García,* abogados de la apelante; *Pedro Baigés Gómez y José Rosario Gelpí,* abogados de los apelados.

EL JUEZ PRESIDENTE SEÑOR TRAVIESO emitió la opinión del tribunal.

En la demanda sobre reivindicación radicada ante la Corte de Distrito de Mayagüez, se alega que el demandante Asencio es dueño en pleno dominio de trece dieciseisavas partes de cada una de las dos fincas que se describen en la demanda, habiendo adquirido dichos condominios por compra a doña Tomasa Ithier y a sus tres hijos menores de edad, por escritura de 11 de abril de 1939; que los otros tres demandantes, los menores de apellido Ruiz Ithier, son dueños en pleno dominio de las tres dieciseisavas partes restantes en cada una de dichas fincas; que todos dichos condominios están debidamente inscritos a favor de los respectivos demandantes; y que la sociedad demandada posee dichas dos fincas y disfruta de sus productos, sin buena fe ni justo título, en contra de la voluntad de los demandantes y negándose a entregarlas. Se alega, además, que las dos fincas producen anualmente rentas y utilidades por valor de $5,000.

La sociedad demandada negó los hechos esenciales de la demanda y alegó en contrario que las dos fincas le pertenecen en pleno dominio y posesión desde el 8 de diciembre de 1931; que cuando Tomasa Ithier y sus hijos traspasaron, en abril 11 de 1939, trece dieciseisavas partes de las fincas

al demandante Asencio, ellos no eran dueños de ninguna participación en dichos dos inmuebles, ya que las fincas para esa fecha pertenecían en pleno dominio a la demandada; que en el alegado traspaso no medió causa ni consideración alguna, habiéndose simulado dicho traspaso con el propósito de defraudar a la demandada, a quien Pedro Ruiz Ruperto, causante de los menores demandantes, adeudaba más de $3,500, de lo cual tenían conocimiento todos los demandantes. Alegó, además, la demandada, que cuando se otorgó la escritura de 11 de abril de 1939 a favor del demandante Asencio, las fincas aparecían aún inscritas a nombre de Pedro Ruiz Ruperto y de su esposa Tomasa Ithier, con una anotación del embargo decretado a favor de la sociedad demandada en el caso civil número 15,023 de la Corte de Distrito de Mayagüez; y que aun cuando la demandada no había inscrito su título de adquisición, las dos fincas le pertenecían en pleno dominio desde diciembre 8 de 1931, por virtud de la escritura pública que le fué otorgada en la indicada fecha por el márshal, en la ejecución de la sentencia dictada a su favor en el citado pleito.

La sociedad demandada interpuso una contrademanda, en la que alega, como primera causa de acción, que la demandada obtuvo sentencia a su favor en el pleito seguido por ella contra Tomasa Ithier y la sucesión de Pedro Ruiz Ruperto, en cobro de una cuenta por refacción y de ciertas obligaciones comerciales, que sumaban en total $3,511.99; que dicha sentencia fué ejecutada, celebrándose una subasta de bienes de dicha sucesión, entre los cuales figuraban las dos fincas que le fueron adjudicadas por el márshal en diciembre 8 de 1931; que inmediatamente después de otorgada la escritura de venta judicial, doña Tomasa Ithier, por sí y en representación de sus hijos entregó la posesión material de las dos fincas a la sociedad demandada; y que desde esa fecha, G. Llinás & Co., S. en C., ha poseído dichas fincas, pú-

blica y pacíficamente, de buena fe y con justo título. Se alega, como parte de dicha primera causa de acción, que el demandante Asencio, no obstante tener conocimiento de todos estos hechos y del título que sobre las dos fincas tenía G. Llinás & Co., de mala fe y fraudulentamente se hizo otorgar la escritura de 11 de abril de 1939, por la cual le fueron transferidos los condominios a que se refiere su demanda; y que los otros demandantes sabían, cuando otorgaron dicha escritura, que ellos no tenían título alguno sobre las fincas.

Contestaron los demandantes contrademandados negando específicamente los hechos alegados en la contrademanda e interponiendo entre otras defensas especiales la de nulidad de la ejecución y de la subasta de las fincas.

La corte inferior dictó sentencia a favor de los demandantes, basándola en los siguientes fundamentos:

1. Que la sentencia dictada contra la Sucesión de Pedro Ruiz Ruperto nunca fué legalmente notificada a los demandados, porque el sobre que contenía la notificación, dirigido a la "Sra. Tomasa Ithier, Barrio Quemado, Mayagüez, P. R.", fué devuelto por no haber sido reclamado por la persona a quien iba dirigido; y habiendo sido ejecutada la sentencia antes de que fuera firme, la subasta, la venta judicial y la escritura otorgada por el márshal son nulas e ineficaces.

2. Que la referida sentencia es nula por haber sido dictada por el Secretario en violación del artículo 194 del Código de Enjuiciamiento Civil, por cuanto en ninguna de las tres causas de acción que se ejercitaban en la demanda se trataba de recobrar una suma liquidada y aceptada por el deudor. La sociedad demandada interpuso el presente recurso, alegando que la corte inferior erró: (a) al resolver que la sentencia dictada contra la Sucesión de Pedro Ruiz Ruperto nunca fué legalmente notificada a los demandados;

y (*b*) al resolver que dicha sentencia es nula por saber sido dictada por el Secretario sin la intervención de la corte.

■■ La sección 2 de la Ley para enmendar los artículos 92, 123, 227 y 299 del Código de Enjuiciamiento Civil, Edición 1933, pág. 138, dispone que en los casos en que se pueda establecer recurso de apelación, "será deber del Secretario de la Corte enviar a la parte perjudicada, o a su abogado, al dictarse la sentencia . . . . una notificación escrita informándole que la sentencia ha sido dictada".

En *Sánchez* v. *de Jesús,* 39 D.P.R. 844, el demandante alegó que nunca recibió la notificación de la sentencia de divorcio dictada en su contra; y que dicha notificación había sido devuelta al Secretario de la Corte de Distrito por la oficina de correos. Este Tribunal sostuvo la suficiencia de la notificación, diciendo:

"La parte que pierde el litigio, o su abogado, no está obligada a descansar en un cumplimiento perfunctorio de los deberes así impuestos al secretario. Si elige depender del secretario y de la oficina de correos y no trata de cerciorarse del resultado de un pleito, no puede quejarse si la notificación estatutaria no es recibida por el curso ordinario. Todo lo que la ley exige del secretario es que envíe la notificación por correo y archive copia de la misma. El término para interponer una apelación empieza a correr desde la fecha en que se archiva esa notificación, y no desde la fecha en que la parte perdidosa la recibe."

. Los componentes de la Sucesión demandada fueron emplazados y notificados con copia de la demanda interpuesta por G. Llinás & Co. y apercibidos de que en el caso de que no contestasen la demanda se dictaría sentencia en su contra por las sumas reclamadas por la firma demandante. Era a los demandados a quienes incumbía dar al Secretario una dirección más exacta, a la cual se les debería enviar todas las notificaciones que fuera necesario hacerles en relación con el referido pleito y que ofreciera mayor seguridad

de que la notificación llegaría a su destino. Tuvieron amplia oportunidad para hacerlo así y no lo hicieron. Su propia negligencia ha sido la causa de que no recibieran a tiempo la notificación de la sentencia.

La corte inferior erró al declarar la nulidad de la notificación de la sentencia, de la subasta y del título otorgado por el márshal a la sociedad demandada.

 La segunda cuestión que tenemos que resolver es si el Secretario de la Corte de Distrito estaba facultado para registrar la sentencia en contra de la Sucesión demandada, sin la intervención de la Corte.

En el acto de la vista la sociedad demandada ofreció en evidencia el folio 20 del récord del caso civil núm. 15,023, G. Llinás & Cía., S. en C. v. Tomasa Ithier, et als., que contiene la sentencia en rebeldía inscrita el 19 de mayo de 1931; y el folio 22 del mismo récord, en el cual aparece la notificación de la sentencia hecha por el Secretario. Ninguna de las partes ofreció en evidencia la demanda radicada en el pleito núm. 15,023. Por lo tanto, carecemos de medios para poder determinar cuales fueron las alegaciones de dicha demanda y resolver si de acuerdo con ellas el Secretario estaba autorizado para registrar una sentencia.

El artículo 464 del Código de Enjuiciamiento Civil (1933) enumera entre las presunciones disputables, que pueden ser controvertidas mediante otra evidencia, las siguientes: "20. Que se ha seguido el curso ordinario de los negocios." Y "32. Que la ley ha sido acatada".

Fueron los demandantes los que alegaron que la ley no había sido acatada. Y a ellos incumbía presentar la evidencia necesaria para controvertir la presunción de legalidad que acompaña a toda sentencia. No apareciendo de la transcripción de la evidencia que se presentara prueba alguna a ese efecto, no podemos llegar a otra conclusión que no sea

la de que la corte inferior erró al declarar nula la sentencia registrada por el Secretario a favor de la sociedad G. Llinás & Co., S. en C.

*La sentecia recurrida debe ser revocada y en su lugar se dictará otra declarando sin lugar la demanda, con costas a cargo de los demandantes.*

El Juez Asociado Sr. Córdova no intervino.