Capital de Puerto Rico, Etc., demandante y apelada, *v.* Rexford Guy Tugwell, Rafael Buscaglia y Patrick J. Fitzsimmons, en su carácter, respectivamente, de Gobernador, Tesorero y Auditor de Puerto Rico, demandados; Municipio de Caguas, interventor y apelante.

Núm. 8726.—*Sometido:* Mayo 3, 1943. *Resuelto:* Mayo 5, 1943.

*ederico* E. *Virella,* abogado del apelante; *Juan Valldejuli Rodríguez,* abogado de la apelada; *Hon. Procurador General Interino M. Rodríguez Ramos,* abogado de los demandados.

El Juez Presidente Señor Del Toro emitió la opinión del tribunal.

Se pide la desestimación del recurso de apelación interpuesto en este caso, por falta de jurisdicción.

De la moción de la parte apelada y de las certificaciones acompañadas a la misma aparece que la Capital de Puerto Rico inició un pleito en la Corte de Distrito de San Juan contra el Gobernador, el Tesorero y el Auditor de la Isla para que se les ordenara que le satisficieran la suma de cien mil novecientos veinticuatro dólares sesenta centavos de acuerdo con la Ley núm. 185 de 1941 ((1) pág. 1399) sobre arbitrios de cigarrillos.

En el pleito intervino el Municipio de Caguas oponiéndose a lo pedido por la Capital basándose en que ésta no es

un municipio y por tanto no está incluída en los precept
de la ley invocada.

El pleito se resolvió en febrero 26, 1943, por senten
favorable a la Capital, que fué notificada a los demandad
y al interventor. Los demandados no apélaron. Sí apeló
interventor y la Capital pide que su apelación sea deses
mada por haberse establecido fuera del término jurisdicc
nal para interponerla.

La notificación de la sentencia al interventor se hi
por el secretario de la corte sentenciadora el ocho de mar
de 1943, por correo, al Alcalde del Municipio de Caguas, a
chivándose el propio día copia de la misma en los autos.
como el escrito de apelación no fué radicado en la corte has
el nueve de abril siguiente, la parte apelada sostiene que
fué después de vencido el término de ley, un mes, esto e
treinta días según ha resuelto este Tribunal. Artículo 2ξ
del Código de Enjuiciamiento Civil; Sección 2, Ley de mar
9, 1911, pág. 238, Código de Enjuiciamiento Civil, pág. 13
ed. 1933; *Casasús* v. *White Star Bus Line,* 58 D.P.R. 865.

En su oposición escrita a la moción de desestima
ción el municipio interventor apelante sostiene que habiend
depositado su notificación de apelación en el correo de Ca
guas el siete de abril de 1943, lo hizo dentro del término d
ley ya que tratándose de una "notificación" quedó cumplid
al hacerse el depósito en el correo, de acuerdo con lo pres
crito en el artículo 322 del Código de Enjuiciamiento Civi
Reconoce que la jurisprudencia de esta Corte le es contra
ria, pero pide que dicha jurisprudencia sea derogada po
tratarse de un viejo formalismo, invocando el caso de *Cré
dito y Ahorro Ponceño* v. *Beveraggi,* 55 D.P.R. 649, 657, es
pecialmente la cita de "The Nature of Judicial Process" de
Juez Cardozo que la misma contiene.

No se trata de un viejo formalismo, sino de un precept
terminante de la ley. Ésta de modo expreso dispone—ar
tículo 296 del Código de Enjuiciamiento Civil, ed. 1933—qu

a apelación se establece "entregando al secretario" el escrito (*notice*) manifestando que se apela y sólo cuando se ha hecho la entrega es que queda establecida la apelación.

Esta Corte desde 1919, en el caso de *Alvarez* v. *Sucesores de C. y J. Fantauzzi,* 27 D.P.R. 530, resolvió de modo claro y terminante que

"Recibido y radicado por el secretario de la corte inferior en este caso el escrito de apelación después de los diez días que tenía el apelante para establecer su recurso, y no siendo el artículo 322 del Código de Enjuiciamiento Civil aplicable a documentos o alegaciones de las partes enviadas a la secretaría de un tribunal para su radicación, los que surten sus efectos desde que son recibidos por el secretario y radicados, ya se haga la entrega por correo o personalmente, el hecho de ponerlos en el correo no equivale a su radicación en la secretaría, ni se retrotraen los efectos de la radicación a la fecha de su depósito en el correo. Procede, pues, la desestimación del recurso cuando el escrito de apelación se radica fuera del término legal."

Ésa ha sido la práctica bien entendida y constante en esta jurisdicción y no vemos motivo justificado alguno para alterarla. Los requisitos estatutarios sobre esta materia deben cumplirse estrictamente. Véase 3 Am. Jur., *Appeal and Error,* §478.

*Procede la desestimación.*