# 2001 DTA 148

**TRIBUNAL DE CIRCUITO DE APELACIONES**
**CIRCUITO REGIONAL II DE BAYAMON**
**PANEL I**

ALTAGRACIA MARZAN ROBLES
Demandante-Recurrida

v.

RICHARD FRET SANCHEZ
Demandado-Peticionario

Núm. KLCE-01-00356

San Juan, Puerto Rico, a 17 de abril de 2001

Panel integrado por su Presidente, el Juez Sánchez Martínez,
la Juez Cotto Vives y la Juez Ramos Buonomo

## TEXTO COMPLETO DE LA SENTENCIA

El peticionario, Sr. Richard Fret Sánchez, nos solicita que revoquemos la decisión emitida por el Tribunal de Primera Instancia, Sala Superior de Bayamón, el 13 de febrero de 2001, mediante la cual, alegadamente, declaró sin lugar una moción de desestimación presentada por éste referente a alimentos post divorcio solicitados por su ex-cónyuge, la Sra. Altagracia Marzán Robles. Alega que al así actuar el tribunal recurrido cometió error.

### I

Veamos los hechos procesales pertinentes al caso que nos ocupa no sin antes dejar establecido que examinamos los autos originales del caso ya que, entre otras razones, el peticionario presentó los documentos del apéndice del recurso sin el sello de presentación ante el tribunal recurrido por lo cual la inmensa mayoría de las fechas relacionadas en su recurso de *certiorari* están incorrectas. La fecha de radicación de un escrito es aquella en que se presenta en la secretaría de un tribunal. *Maldonado v. Pichardo*, 104 D.P.R. 778 (1976); *La Capital v. Tugwell, Gobernador*, 61 D.P.R. 865 (1943).

El 22 de mayo de 1992, el Sr. Fret y la Sra. Marzán contrajeron matrimonio bajo el régimen económico de sociedad legal de gananciales. El 2 de diciembre de 1996, la Sra. Marzán presentó una demanda de divorcio contra el Sr. Fret por trato cruel e injurias graves en la cual, además de incluir la alegación rutinaria de que la sociedad legal de gananciales posee bienes, solicitó $2,000 mensuales de alimentos post divorcio, más honorarios de abogado. En su contestación a la demanda el Sr. Fret alegó, como defensa afirmativa, que la demandante tiene medios suficientes para su subsistencia, ya que reside en una propiedad ganancial y está disfrutando de otros bienes gananciales que le permiten vivir adecuadamente.

Sin embargo, el 16 de junio de 1997, la Sra. Marzán solicitó $2,000 mensuales de alimentos *pendente lite* y *litis expensas* a lo cual el Sr. Fret se opuso. A pesar de esta petición no es hasta la sentencia de divorcio que el tribunal recurrido atiende el reclamo de alimentos de la Sra. Marzán, mas no así el de honorarios de abogado.

El 26 de marzo de 1998 notificada el 28 de abril del mismo año, el tribunal dictó una sentencia de divorcio disolviendo el matrimonio de las partes por la causal de separación e *"impuso una pensión alimentaria de $1,500 mensuales retroactiva a la radicación de la demanda"*. ■

El 4 de mayo de 1998 el Sr. Fret presentó una oportuna moción de reconsideración solicitándole al tribunal que dictara una sentencia *nunc pro tunc* a los únicos efectos de que la pensión alimentaria establecida se retrotrajera al 11 de junio de 1997, fecha en que se solicitó. Nada solicitó en cuanto a la pensión alimentaria post divorcio establecida en la sentencia. ■ Acogida la moción de reconsideración el tribunal emitió, el 13 de agosto de 1998, una resolución en reconsideración *nunc pro tunc* haciendo retroactiva la pensión alimentaria *pendente lite* de $1,500 mensuales al 11 de junio de 1997, fecha en que se solicitaron estos alimentos y la pensión alimentaria post divorcio de $1,500 mensuales a pagarse desde mayo (fecha en que fue firme la sentencia de divorcio) *"al presente"*.

Queremos hacer constar que, si bien, al amparo de la Regla 49.1 de las de Procedimiento Civil, 32 L.P.R.A. Ap. III, R. 49.1, un tribunal puede corregir *nunc pro tunc* errores en las sentencias, órdenes y resoluciones que aparezcan en éstas por inadvertencia u omisión en cualquier tiempo, *motu proprio* o a moción de cualquier parte, estos errores tienen que ser de forma ya que tienen efecto retroactivo a la fecha de la sentencia o resolución original. Además, se ha reconocido que, independientemente de lo dispuesto en la Regla 49.1, *supra*, los tribunales tienen poder inherente para corregir los errores de forma que aparezcan de sus récords. *Security Inc., Co. v. Tribunal Superior*, 101 D.P.R. 191 (1973). Bajo esta regla y la jurisprudencia aplicable el poder del tribunal se limita a errores atribuibles a inadvertencias u omisiones de forma o errores mecanográficos u errores que no puedan considerarse que van a la sustancia de la sentencia, orden o resolución, ni que se relacionan con asuntos discrecionales, José A. Cuevas Segarra, *Práctica Procesal Puertorriqueña: Procedimiento Civil*, San

Juan, **Publicaciones J.T.S., Inc.,** 1979, Vol. II, Cap. X, págs. 265-266. La solicitud de enmienda a la sentencia hecha por el Sr. Fret no se refería a un error de forma, iba a la sustancia misma cual es la fecha de efectividad de la pensión alimentaria. El tribunal recurrido cometió error, al denominar el dictamen como resolución *nunc pro tunc.*

En el ínterin, a pesar de haber estado pendiente la moción de reconsideración presentada por el Sr. Fret, la Sra. Marzán presentó una moción de desacato por falta de pago de la pensión, a la cual se opuso aquél, alegando que la pensión alimentaria *pendente lite* cesó con la sentencia de divorcio.

Así las cosas y sin ningún otro pronunciamiento del tribunal, la Sra. Marzán solicitó el 4 de septiembre de 1998 una pensión alimentaria post divorcio.

Una vez ordenado el pago de la pensión alimentaria adeudada, el tribunal le solicitó a las partes que aclararan si la pensión alimentaria estipulada era *pendente lite* únicamente o si, además, incluia la pensión excónyuge. Entablada la correspondiente controversia entre las partes el 2 de agosto de 1999, el tribunal recurrido dispuso escuetamente que *"tomando en consideración la resolución enmendada emitida el 13 de agosto de 1998, surge de la misma que la pensión fijada fue una pensión pendente lite"* y, por lo tanto, procedió a señalar una vista en su fondo para atender la solicitud de la pensión ex-cónyuge.

Luego de varios trámites procesales y de varias transferencias de las vistas señaladas para atender los alimentos post divorcio, el 2 de enero de 2001, el Sr. Fret presentó una moción en la que solicitó la desestimación de la solicitud de alimento ex-cónyuge alegando que, según surge de la demanda de división de bienes gananciales presentada el 26 de abril de 1999 por la Sra. Marzán, (DAC 1999-0414 (506) Sala Superior de Bayamón), ésta dispone de suficientes bienes gananciales para su sustento. La Sra. Marzán se opuso a la moción de desestimación presentada.

En una vista celebrada el 1 de febrero de 2001 para atender la solicitud de alimentos post divorcio y pendiente las partes de la decisión del tribunal en cuanto a la moción de desestimación, éstas acordaron que se reseñalara la vista de alimentos para el 9 de abril de 2001.

Así las cosas, el 13 de febrero de 2001, el tribunal dictó la resolución recurrida la cual lee *"No ha lugar desestimación 'en este momento'. Se resolverá en la vista del 9 de abril de 2001"*. Es de esta determinación que comparece ante nos el Sr. Fret a la cual unió una moción de auxilio de jurisdicción. Esta última fue declarada con lugar por este Tribunal el 4 de abril de 2001, paralizando los procedimientos ante el Tribunal de Primera Instancia hasta la atención del recurso de *certiorari* por este Tribunal.

Los antecedentes antes relacionados nos mueven a considerar prontamente este recurso bajo la Regla 7 de nuestro Reglamento, 4 L.P.R.A., Ap. XXII-A, R. 7, con el propósito de lograr su más justo y eficiente despacho para que, a la brevedad posible, se aclare y termine la controversia entre las partes.

## II

El marco jurídico para la controversia en el caso que nos ocupa lo tomaremos casi literalmente de *Kantara Malty v. Castro Montañez,* 135 D.P.R. 1 (1994), voto concurrente de la Jueza Naveira, y de *Soto López v. Colón,* 143 D.P.R. __ (1997), **97 J.T.S. 74.** Lo resuelto en Kantara Malty trajo como resultado el que la Asamblea Legislativa enmendara el Art. 100 del Código Civil, 31 L.P.R.A. sec. 343 (Supl. 2000), adoptando la doctrina allí expuesta.

### A. Alimentos entre cónyuges vigente el matrimonio

Los Arts. 88, 89, 100, 142, 143 y 144 del Código Civil, 31 L.P.R.A. secs. 281, 282, 343, 561, 562 y 563 son los que rigen la obligación recíproca de los cónyuges de darse alimento y protegerse mientras esté vigente el

matrimonio, independientemente de que estén separados o vivan juntos. ■ El Art. 100 del Código Civil, *supra*, dispone específicamente para alimentos *pendente lite*, es decir, mientras se esté ventilando el divorcio. ■

Asimismo, la Ley Orgánica de la Administración para el Sustento de Menores, Ley 5 de 30 de diciembre de 1986, según enmendada, 8 L.P.R.A. secs. 501 *et seq.*, incluye en su Art. 4, 8 L.P.R.A. sec. 503 (Supl. 2000), el deber de los cónyuges y ex-cónyuges de prestarse alimentos como un deber recíproco.

Es de rigor recalcar que en los matrimonios que se contraen bajo el régimen económico de la sociedad de bienes gananciales, como es el caso ante nos, la sociedad es la dueña, usualmente, de la totalidad de los bienes que poseen los cónyuges. Por ende, el hecho de que se dé la separación de los cónyuges, no convierte los bienes gananciales en bienes privativos de uno u otro cónyuge. Mientras subsista el matrimonio, los bienes gananciales, tales como el sueldo y las rentas que se derivan de los bienes bajo el control de cualquiera de los cónyuges, ya fueren éstos bienes gananciales o privativos, no se convierten en bienes privativos.

Con la aprobación de las leyes de 1976 del derecho de familia y en relación con la sociedad legal de gananciales, los bienes de la sociedad no pueden considerarse como bienes propios del cónyuge en control de los bienes del matrimonio. De igual forma, el cónyuge que no está en control de los bienes o de la mayoría de estos, no tiene que acudir al tribunal a justificar que se le conceda una pensión alimentaria *pendente lite* o *litis expensas*, en los casos en que, como aparenta ser el que nos ocupa, existen bienes sustanciales pertenecientes a la sociedad legal de gananciales.

Desde que en el 1976 se enmendó el Art. 91 del Código Civil, 31 L.P.R.A. sec. 284, para disponer que ambos cónyuges serán administradores de los bienes de la sociedad conyugal mientras esté vigente el matrimonio, ambos cónyuges tienen igual derecho tanto de administrar como de tener acceso a los bienes gananciales. De ahí que las necesidades de ambos cónyuges serán satisfechas en proporción a las condiciones y medios de fortuna de la sociedad. Sólo en aquellos casos en que la sociedad no sea propietaria de los bienes o éstos no produzcan una suma de dinero líquida, es que los cónyuges están obligados a proveerse alimentos en proporción a sus respectivos patrimonios privativos, si los tuvieren. Art. 100, *supra; Kantara Multy v. Castro Montañez, supra.*

A tenor con el Art. 91 del Código Civil, antes citado, ambos cónyuges tienen derecho a la coadministración de los bienes de la sociedad así como al acceso a los mismos.

No obstante, si un cónyuge lo que solicita es una cantidad de dinero periódica que le permita satisfacer sus necesidades de acuerdo a la posición social de la familia, también puede solicitarlos sin necesidad de pedir la coadministración de los bienes.

Así como no es requisito probar necesidad alguna para que un cónyuge pueda pedir la coadministración y que se le conceda, tampoco tendrá que demostrar necesidad alguna para tener acceso a una cantidad de dinero periódica, en particular, para satisfacer sus necesidades excepto cuando reclame que se le conceda acceso a una suma líquida mensual que equivalga a más de la mitad del total de los ingresos mensuales o de los ingresos líquidos de la sociedad. Art. 100 del Código Civil, *supra*. El tribunal considerará la solicitud del cónyuge reclamante utilizando el criterio de la posición social y económica de la familia.

Como en la gran mayoría de los casos es el marido el que tiene el control de los bienes, ello establece una diferencia para obtener la mujer alimentos y para financiar honorarios legales para obtener, además, parte de esos bienes. Esto ha puesto tradicionalmente a la mujer en desventaja, particularmente para obtener representación legal. *Kantara Malty v. Castro Montañez, supra.* Nos indica la Prof. Ivette Ramos Buonomo, en Discrimen Por Género en las Determinaciones Judiciales de Custodia, Patria Potestad y Pensión Alimentaria, 69-4 Rev. Jur. U.P.R. 1055 (2000), que, por consiguiente, para facilitar el trámite de la solicitud de pensión alimentaria de quienes aún permanecen casados, la Ley Orgánica de la Administración para el Sustento de

Menores, *supra*, dispone en su Art. 22, inciso (3), 8 L.P.R.A. sec. 521, que:

*"Honorarios de Abogado*

*(1) ...*

*(2) ...*

*En el caso en que las partes estén casadas entre sí y uno de los cónyuges controle la totalidad o la mayor parte de los bienes líquidos de la sociedad de gananciales, el tribunal, el Administrador o Juez Administrativo ordenará, al que controla los bienes conyugales, el pago inmediato de honorarios de abogado razonables al otro cónyuge, según solicitado."*

Apunta la Prof. Ramos Buonomo que *"por la redacción de esta disposición se entiende que la orden del tribunal es mandatoria y que, de este modo, se logra la igualdad de acceso de la mujer a los fondos de la sociedad de gananciales para propósitos de lograr la representación legal que ella interese"*. Ramos Buonomo, *supra*, a la pág. 1119. Con gran acierto señala que, muy probablemente, *"la separación artificial de las decisiones de divorcio, custodia, patria potestad, relaciones paterno-materno-filiales, pensiones alimentarias de menores y ex-cónyuges en las Salas de Relaciones de Familia, mientras la división de los bienes gananciales se ventila en una sala diferente, propende a que el Juez o Jueza de Familia no conozca el cuadro en su totalidad y se puedan cometer injusticias al momento de decidir sobre una pensión alimentaria de ex-cónyuge"*, excepto en los casos que se atiendan por consentimiento mutuo. *Id.*

De lo anterior se desprende que tan pronto uno de los cónyuges, vigente el matrimonio, solicita alimentos *pendente lite* y *litis expensas*, bien sea en una demanda de alimentos o en el trámite de divorcio, es deber de las representaciones legales de las partes y mandatorio para el Tribunal de Primera Instancia auscultar si la sociedad legal de gananciales tiene bienes suficientes y liquidez para conceder a dicho cónyuge una cantidad de dinero periódica con cargo a dichos bienes, para su sustento o si, por el contrario, procede una pensión alimentaria *pendente lite*.

Es importante señalar que el acceso a las sumas líquidas concedidas judicialmente a uno o a ambos cónyuges para sus alimentos antes del divorcio, no constituirá un crédito ni una deuda, sino una parte que le correspondía del dinero de la sociedad legal de gananciales que se le autorizó judicialmente a utilizar o coadministrar. Art. 100 del Código Civil, *supra*. Deberá tenerse presente que el sostenimiento de la familia es una carga de la sociedad legal de gananciales por la cual ninguno de los cónyuges tiene derecho a reclamar un crédito. Art. 1308 (5) del Código Civil, 31 L.P.R.A. sec. 3661. *Kantara Malty v. Castro Montañez, supra*

Resumiendo, vigente el matrimonio si la sociedad legal de gananciales tiene bienes suficientes tales como sueldos, ingresos de alguna profesión u oficio y rentas, éstos son propiedad de la sociedad y ambos cónyuges tienen idéntico derecho a tener acceso a éstos según sea necesario para satisfacer sus necesidades, sin justificar la necesidad específica particular. De otra parte, el Art. 100 del Código Civil, *supra*, en lo que concierne a alimentos *pendente lite*, será de aplicación en aquellos casos en que la sociedad legal de gananciales no posee bienes y uno o ambos cónyuges tengan bienes privativos o cuando los cónyuges hayan otorgado capitulaciones matrimoniales.

Surge de la sentencia y de los autos del caso que las partes estuvieron de acuerdo en que la cantidad de $1,500 mensuales a ser entregada por el Sr. Fret, era razonable para el sostenimiento de la Sra. Marzán. Surgió discrepancia entre ellos en cuanto a la fecha de retroactividad de la misma, según expuesto en la moción de reconsideración presentada por el Sr. Fret y el tribunal recurrido concluyó que era exigible desde que ella la solicitó el 16 de junio de 1997. Ninguna de las partes recurrió de dicha determinación ni de la determinación de los alimentos post divorcio.

## B. Derechos de los ex-cónyuges bajo la comunidad de bienes que genera el divorcio.

De umbral queremos dejar establecido que la Sra. Marzán tiene derecho a un remedio post-divorcio, en primer lugar, bajo las normas de comunidad de bienes que son aplicables a los bienes comunes tras el divorcio y, en segundo lugar, bajo las normas aplicables a los alimentos entre ex-cónyuges bajo el Art. 109 del Código Civil, 31 L.P.R.A. sec. 385 y el Art. 4 de la Ley Orgánica de la Administración para el Sustento de Menores, *supra*. Nos explicamos.

Una vez se decreta el divorcio se extingue la sociedad de bienes gananciales y nace una comunidad de bienes de la cual los ex-cónyuges son comuneros y que se rige por las normas de la copropiedad. *Soto López v. Colón, supra.*

El concepto de *"alimentos"* no es afín al régimen de la comunidad de bienes. Los alimentos entre los ex-cónyuges tienen su fundamento en el deber jurídico que establece el Art. 109 del Código Civil, *supra*, y el Art. 4 antes mencionado, de prestarse socorro mutuo cuando no cuenten con medios suficientes para vivir. Dicha obtención de alimentos está supeditada a la existencia de una situación de necesidad. Por el contrario, la participación de los comuneros en la administración y disfrute de los bienes de la comunidad es un derecho propio y para hacerla valer no hay que demostrar necesidad alguna. Arts. 327, 328 y 333 del Código Civil, 31 L. P.R.A. secs. 1272, 1273 y 1278. Se trata, pues, de dos figuras jurídicas distintas. Es por ello que, una vez se decretó el divorcio, en lo referente a la administración y disfrute de la recién formada comunidad de bienes que existe entre la Sra. Marzán y el Sr. Fret, resulta improcedente el tratar de aplicar criterios establecidos para regular las relaciones alimentarias. Las relaciones entre éstos se regulan por las normas relativas a los codueños de propiedad, ya que la comunidad que existe entre ellos tiene, alegadamente, propiedades suficientes. Lo anterior se desprende de las alegaciones de la Sra. Marzán en el pleito de división de bienes presentado por ésta (DAC 1999-0414 (506), *supra*, y de las alegaciones hechas por el Sr. Fret en la moción de desestimación, en la contestación a la demanda, en otros escritos ante el foro recurrido, así como en los escritos presentados ante nos.

Durante la existencia de la comunidad de bienes ninguno de los excónyuges puede tener el monopolio de ella. Arts. 327, 328, 332 y 333 del Código Civil, 31 L.P.R.A. secs. 1272, 1273, 1277 y 1278. Por otro lado, en el caso que nos ocupa, aún suponiendo para fines de la argumentación que la Sra. Marzán no necesita alimentos, ésta sí tiene un derecho superior, como comunera, entre otras cosas, a que el Sr. Fret le entregue una suma líquida específica, periódica, mensual proveniente de los ingresos o rentas que genere la comunidad, o a solicitar, de así desearlo, la coadministración de los bienes comunes. ■ *Soto López v. Colón, supra.*

Si con el pago de la suma que razonablemente reclame la Sra. Marzán para su sostén se excede la cantidad a la que por frutos ella tuviese derecho en calidad de comunera, se procederá eventualmente a descontar dicho exceso de lo que en su día recibirá al efectuarse la partición.

Dicho de otro modo, no son alimentos a los que la Sra. Marzán tiene derecho, sino al disfrute de los bienes comunes que actualmente están, alegadamente, bajo el control exclusivo del Sr. Fret.

Como muy bien señala la Prof. Ramos Buonomo, *"el problema de la pensión alimentaria de ex-cónyuges está singularmente atado a la división de los bienes gananciales en aquellos matrimonios en que los haya. Muchas veces se piensa que porque le tocaron bienes a la mujer, ésta no necesita pensión alimentaria. Sin embargo, debe mirarse con cuidado cuáles bienes recibió la mujer porque no necesariamente estos producen un ingreso regular con el cual vivir o sobrevivir por el resto de su vida"*. *Supra*, a la pág. 1118.

En resumen, de acuerdo con todo lo anteriormente expuesto, la Sra. Marzán no tenía que justificar ni hacer un desglose ante el tribunal de sus necesidades mensuales específicas para su sustento. ■ Bastaba probar que la sociedad legal de gananciales tenía ingresos y rentas suficientes para proveerle una suma de dinero periódica

que, no sólo cubriera sus necesidades básicas durante la separación de su esposo y tramitación del divorcio, sino, además, post divorcio. Sin embargo, lo anterior no fue necesario ya que las partes acordaron que el Sr. Fret le entregaría a la Sra. Marzán $1,500 mensuales como una cantidad de dinero razonable y así lo dispuso el tribunal recurrido en la sentencia de divorcio. Como dijimos anteriormente la moción de reconsideración de la sentencia de divorcio dictada se dirigió únicamente a solicitar la corrección de la fecha de retroactividad de la pensión alimentaria impuesta.

Como puede observarse, de la resolución recurrida dictada por el tribunal el 13 de febrero de 2001, podría colegirse que el recurso de *certiorari* solicitado es prematuro y debe denegarse, ya que el Tribunal de Primera Instancia no tomó decisión alguna en cuanto a la moción de desestimación presentada por el Sr. Fret, sino que la señaló para ser discutida en la vista que ya estaba señalada y que este Tribunal paralizó el 4 de abril de 2001. No obstante, sabido es que un tribunal revisor no tiene que circunscribirse a la consideración de los errores señalados en el recurso. En aras de impartir justicia, un tribunal apelativo tiene la facultad inherente para considerar y resolver errores patentes que surjan de un recurso aunque no hayan sido levantados por las partes. *Castro García v. Sec. Justicia*, 153 D.P.R. __ (2001), **2001 J.T.S. 13**; *Aponte v. Sears Roebuck de P.R., Inc.*, 145 D.P.R. __ (1998), 98 C. Abo. 38, **98 J.T.S. 40**; *López Vicil v. ITT Intermedia, Inc.*; 142 D.P.R. __ (1997), **97 J.T.S. 42**.

De todo lo antes expuesto, este Tribunal concluye que el tribunal recurrido cometió error al dejar sin efecto, el 2 de agosto de 1999, la parte de la resolución de 13 de agosto de 1998, que le ordenaba al Sr. Fret pagar a su ex-cónyuge la cantidad de $1,500 mensuales como alimentos post divorcio pero que en realidad le corresponden como bienes de la comunidad. Por tanto, el tribunal recurrido deberá determinar la cantidad de dinero adeudada por el Sr. Fret a la Sra. Marzán a la fecha de hoy para su pronto pago y, además, el Sr. Fret deberá continuar pagando $1,500 mensuales a la Sra. Marzán hasta la disposición final del pleito de división de comunidad de bienes con el ajuste posterior que sea necesario al hacer la división de la comunidad de bienes gananciales. *Soto López v. Colón, supra.* ■

### III

Por los fundamentos antes expresados, se expide el auto de *certiorari* solicitado, se revoca la resolución recurrida, se desestima la solicitud de pensión alimentaria presentada por la Sra. Marzán posterior a su divorcio y se devuelve el caso al tribunal recurrido para que se determine, a la brevedad posible, a cuánto asciende la cantidad de dinero que el Sr. Fret le adeuda a la Sra. Marzán desde mayo de 1998, fecha en que se convirtió en firme la sentencia de divorcio. Se le ordena al Sr. Fret seguir pagando a la Sra. Marzán $1,500 mensuales hasta que otra cosa disponga el Tribunal de Primera Instancia en el pleito sobre la división de los bienes tenidos en comunidad por las partes.

Lo acordó y manda el Tribunal y lo certifica la señora Subsecretaria General.

Gladys E. Ortega Ramírez
Subsecretaria General

#### ESCOLIOS 2001 DTA 148

**1.** Las partes estuvieron de acuerdo con el cambio de causal ya que, además de haber transcurrido dos años de separación, aparentemente las partes estaban en conversaciones para estipular una pensión alimentaria. En los autos del caso consta una comunicación del Sr. Fret de 11 de febrero de 1998, en donde acepta el pago de $1,500 mensuales para la Sra. Marzán. El tribunal hizo constar ese hecho en su sentencia.

**2.** Valga señalar que el Sr. Fret no incluyó dicha moción de reconsideración de sentencia en los documentos ante este Tribunal. Examinamos la misma en los autos originales del caso.

**3.** Art 88 del Código Civil, 31 L.P.R.A. sec. 281:

*"Los cónyuges están obligados a vivir juntos, guardarse fidelidad y socorrerse mutuamente."*

Art. 89 del Código Civil, 31 L.P.RA sec. 282:

*"Los cónyuges deben protegerse y satisfacer sus necesidades mutuamente en proporción a sus respectivas condiciones y medios de fortuna."*

Art. 100 del Código Civil, 31 L.P.RA sec. 343: (Supl. 2000).

*"Si uno de los cónyuges no contase con suficientes recursos propios para vivir durante el juicio, el Tribunal de Primera Instancia ordenará al otro cónyuge que le pase una pensión alimenticia en proporción a los bienes de éste, de acuerdo a la posición social de la familia y en aquel caso en que la sociedad legal de gananciales no cuente con bienes de fortuna suficientes o los cónyuges hubieren otorgado Capitulaciones Matrimoniales*

*En aquel caso en que la Sociedad Legal cuente con bienes de fortuna, el Tribunal de Primera Instancia podrá ordenar a petición de cualesquiera de los cónyuges que se reconozca el derecho del cónyuge reclamante a ejercitar la coadministración de todos o parte de los bienes gananciales, o el acceso a un bien ganancial particular o suma líquida que le permita alimentarse, o ambos, o una pensión alimentaria sin que ello constituya un crédito o una deuda a cargo de las respectivas participaciones en el caudal ganancial al momento de la liquidación.*

*Para el caso anterior, el cónyuge reclamante no tendrá que probar necesidad inclusive durante el trámite del divorcio, excepto cuando reclame que se le conceda acceso a una suma líquida mensual que equivalga a más de la mitad del total de ingresos mensuales o bienes líquidos de la sociedad."*

Art. 142 del Código Civil, 31 L.P.R.A. sec. 561:

*"Se entiende por alimentos todo lo que es indispensable para el sustento, habitación, vestido y asistencia médica, según la posición social de la familia."*

Art. 143 del Código Civil, 31 L.P.R.A. sec. 562:

*"Están obligados recíprocamente a darse alimentos, en toda la extensión que señala la sección precedente:*

*Los cónyuges.*

*Los ascendientes y descendientes.*

*El adoptante y el adoptado y sus descendientes..."*

Art. 144 del Código Civil, 31 L.P.RA sec. 563:

*"La reclamación de alimentos, cuando proceda y sean dos o más los obligados a prestarlos, se hará por el orden siguiente:*

*Al cónyuge.*

*A los descendientes del grado más próximo.*

*A los ascendientes también del grado más próximo.*

*A los hermanos.*

*..."*

**4.** Esta pensión alimentaria *pendente lite* cesa a la terminación del pleito de divorcio por sentencia firme. *Castrillo v. Palmer*, 102 D.P.R. 460 (1974). Si uno de los cónyuges necesita una pensión alimentaria post divorcio, deberá solicitarla mediante moción en el propio pleito de divorcio o en una acción independiente. *Meléndez v. Tribl. Superior*, 77 D.P.R. 535

(1954).

**5.** La Sra. Marzán tendrá la opción de instar una acción para que se le reconozca el derecho a ejercer la coadministración de los bienes de la comunidad o pedirle al Tribunal de Primera Instancia que nombre un administrador judicial. Art. 332 del Código Civil, 31 L.P.R.A. sec. 1277.

**6.** Por tanto, tampoco tendrá que someterse a examen médico alguno para demostrar necesidad alguna, según la solicitud hecha por el Sr. Fret tal y como surge de los autos originales del caso.

**7.** Deberá examinarse con cautela cuáles bienes recibirá en la división la Sra. Marzán porque no necesariamente éstos producen un ingreso regular con el cual vivir o sobrevivir por el resto de su vida. Ramos Buonomo, *supra*.